**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-6740**

---

JAMES ARTHUR BROWN,

Plaintiff - Appellant,

versus

LONNIE M. SAUNDERS, Warden, Augusta Correc-
tional Center; JOHN B. METZGER, III, Chairman,
Virginia Parole Board; RONALD ANGELONE, Di-
rector, Virginia Department of Corrections;
LAUREL A. CORNER, Manager, Central Criminal
and Legal Records; V. V. GRANT, Augusta Griev-
ance Coordinator; MRS. BYRAM, Secretary/AWP,
Augusta Correctional Center,

Defendants - Appellees,

and

LYDIA CALVERT TAYLOR, Judge, Circuit Court for
the City of Norfolk; THOMAS H. WOOD, Judge,
Augusta County Circuit Court; R. M. SPENCER,
Judge, Norfolk General District Court; KENT P.
PORTER, Assistant Commonwealth Attorney, Cir-
cuit Court for the City of Norfolk; JAMES N.
GARRETT, JR., Defense Counsel, Portsmouth;
JUNIUS P. FULTON, III, Appellate Counsel, Nor-
folk, Virginia; MARION R. CRANK, Detective,
Youth Division S/C Unit of Norfolk,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-94-804-2)

Submitted: February 27, 1997     Decided: March 10, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

James Arthur Brown, Appellant Pro Se. Mary Elizabeth Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record and the district court's opinion and find no reversible error. Appellant filed an action seeking damages, challenging his ineligibility for parole under Virginia law. To recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by a federal court's issuance of a writ pursuant to 28 U.S.C. § 2254 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. See Heck v. Humphrey, ___ U.S. ___, 62 U.S.L.W. 4594, 4597 (U.S. June 24, 1994) (No. 93-6188). Because Appellant has failed to make such a showing, his claim is not ripe and must be dismissed without prejudice. Accordingly, we affirm as modified to reflect dismissal without prejudice to Appellant's right to file another action if his claim becomes ripe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

3